IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN PIKE,

    Petitioner,

    v.                                         No. 16-CV-01212-JCH-KBM

GREGG MARCANTEL, ATTORNEY
GENERAL STATE OF NEW MEXICO,

    Respondent.

## ORDER TO SHOW CAUSE

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on Petitioner Steven Pike's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody, filed on November 2, 2016. [Doc. 3]   The Petition appears to challenge Petitioner's conviction and sentence in *State of New Mexico v. Steven Pike*, D-202-CR-200805679 and indicates that the judgment of conviction was imposed on July 30, 2009 and the sentence was imposed on February 3, 2010.  [Doc. 3 at 1] Additionally, according to the Petition, Petitioner currently has a Petition for Habeas Corpus pending in the First Judicial District Court of the State of New Mexico, D-101-CV-201502765, which challenges "the definition of 'supervised parole' while incarcerated on in-house parole" and "the denial of counsel and parole violation hearings."   [Doc. 3 at 12]   For the following reasons, the Court will order the Petitioner to show cause why his Petition should not be dismissed as untimely or, alternatively, for failure to exhaust his state court remedies.

To the extent that the Petition challenges Petitioner's original conviction and sentence in D-202-CR-200805679, the Court notes that pursuant to 28 U.S.C. § 2244(d)(1) "[a] 1-year period of limitation shall apply to application for a writ of habeas corpus by a person in custody pursuant

to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). Typically, the 1-year limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Petition, Petitioner did not appeal from his conviction or sentence and, therefore, his conviction became final thirty days after the imposition of judgment. *See* NMRA 12-201(A)(2) ("A notice of appeal shall be filed . . . within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office."). Because Petitioner's judgment of conviction became final in 2009 or 2010 at the latest, the Court will require Petitioner to show cause why his Petition should not be dismissed as untimely. *See Kilgore v. Attorney Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) (holding that a § 2254 petition may dismissed *sua sponte* as untimely if the petition's untimeliness "is clear from the face of the petition itself").

To the extent that the Petition challenges the revocation of Petitioner's parole after his judgment of conviction became final, the Court notes that a state prisoner generally is required to exhaust his available state court remedies before filing a § 2254 application in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). According to the Petition, Petitioner has filed a petition for habeas corpus in the state district court challenging the revocation of his parole, which is currently is pending. [Doc. 3 at 12] Accordingly, the Court will require Petitioner to show cause why his Petition should not be dismissed for failure to exhaust his state court remedies. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that a § 2254 petition may be dismissed *sua sponte* if the "failure to exhaust [is] clear from the face of the petition").

For the foregoing reasons, the Court will require Petitioner to show cause in writing, within thirty (30) days of entry of this Order, why his § 2254 Petition should not be dismissed as untimely or, alternatively, for failure to exhaust his state court remedies.  Failure timely to respond to this Order, or to otherwise show cause, may result in the dismissal of the Petition without prejudice without further notice.

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this Order, Petitioner shall show cause in writing why his § 2254 Petition should not be dismissed as untimely or, alternatively, for failure to exhaust state court remedies.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE